JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN 13 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 844

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE PERRIER BOTTLED WATER LITIGATION

TRANSFER ORDER

This litigation presently consists of fifteen actions pending in four districts as follows: twelve actions in the Eastern District of Pennsylvania and one action each in the District of Connecticut and the Central and Northern Districts of California.[1] Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by defendants Perrier Group of America, Inc., and Great Waters of France, Inc., seeking centralization of the fifteen actions in the District of Connecticut. With the exception of the plaintiff in the Northern District of California action, all responding parties agree upon centralization. Plaintiffs in the Pennsylvania and Connecticut actions, however, support selection of the Eastern District of Pennsylvania, rather than the District of Connecticut, as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that centralization in the District of Connecticut of all actions but the Northern District of California action will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All the centralized actions are brought as class actions by purchasers of Perrier bottled mineral water seeking to recover damages for water sold as pure that allegedly contained traces of benzene. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings (especially with regard to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

---

[1] The motion before the Panel, as amended, pertained to one additional action, <u>Don Healy, etc. v. Source Perrier, S.A., et al.</u>, D. Arizona, C.A. No. Civ 90-0417-PHX-CAM. That action was remanded to Arizona state court on May 17, 1990, however, and therefore the question of transfer with respect to that action is moot. Also, the motion before the Panel, as originally filed on March 21, 1990, did not encompass the Northern District of California action. Subsequently, the motion was amended, among other times, on May 2, 1990 to add the Northern District of California action. That amendment was filed too late for the action to be included in the Panel order scheduling the May 31, 1990 hearing in this docket. The Northern District of California action has been included in the matter now before us, however, because all parties served in the action have stated in writing their position on the transfer motion, and their counsel were present and participated in oral argument at the Panel's May 31st hearing.

We are not persuaded that the Northern District of California action should be included in centralized pretrial proceedings under Section 1407. While the Northern District of California action may be said to arise from the same general circumstances as the other actions included in the Section 1407 motion, we note that the excluded action is brought on behalf of competitors of the Perrier defendants rather than consumers of Perrier bottled water. The excluded action thus involves a plaintiff class and a legal theory different from the centralized actions and is likely to require significant unique discovery. In light of these differences, we conclude that transfer of the Northern District of California action would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. To the extent that the Northern District of California action shares some questions with the centralized actions, we point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

We conclude that the District of Connecticut is the most appropriate transferee forum for this litigation. We note that the American defendants are headquartered in that district, and therefore relevant witnesses and documents are likely to be found there.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action listed on the attached Schedule A and pending in the Northern District of California be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the attached Schedule A and pending outside the District of Connecticut be, and the same hereby are, transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable T.F. Gilroy Daly for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Robert H. Schnacke
Judge of the Panel

Schedule A

MDL-844 -- In re Perrier Bottled Water Litigation

### Eastern District of Pennsylvania

R.A. Murphy, etc. v. Source Perrier S.A., et al., C.A. No. 90-1217

Robert P. Stasi, etc. v. Source Perrier, S.A., et al., C.A. No. 90-1127

L.J. Seglias, etc. v. Source Perrier, S.A., et al., C.A. No. 90-1133

A. Weinfeld & Son, Inc., et al. v. Source Perrier, S.A., et al., C.A. No. 90-1155

Mary D. Bell, etc. v. Source Perrier, S.A., et al., C.A. No. 90-1220

Susie Selverian, etc. v. Source Perrier, S.A., et al., C.A. No. 90-1248

Fischer & Fischer, Inc., etc. v. Source Perrier, S.A., et al., C.A. No. 90-1249

Juanita Boyer, etc. v. Source Perrier, S.A., et al., C.A. No. 90-1257

Margery Poggi, etc. v. Source Perrier S.A., et al., C.A. No. 90-1159

Philip Cohen, etc. v. Source Perrier, S.A., et al., C.A. No. 90-1320

Harold Kahn, etc. v. Source Perrier, S.A., et al., C.A. No. 90-1621

Modern Beverage, Inc. v. Source Perrier, S.A., et al., C.A. No. 90-2157

### Central District of California

Abby Goldberg, etc. v. Perrier, Inc., et al., C.A. No. CV90-1393-WDK(JRx)

### District of Connecticut

B.B. Vahlsing, etc. v. Source Perrier, S.A., et al., C.A. No. B90-73

### Northern District of California

Seltzer Sister Bottling Co., Inc., etc. v. Source Perrier, S.A., et al., C.A. No. 90-20230-WAI